Good morning. Betty Shipley versus Helping Hands Therapy. James Wyatt is here and Holly Bell is here for the appellate. Robert Franklin Prince is here for the appellate, Shipley. And Mr. Wyatt, you may proceed. Thank you, Your Honor. Good morning, Your Honor. To make police the court. My name is James Wyatt, and I represent Sarah Bojay in this medical malpractice action before the court. This is an appeal from an order of remand in the Southern District of Alabama. It is the defendant's position that this order of remand was an error, and we asked the court to reverse that decision and remand the case to the Southern District for the remainder of the case. Now, we acknowledge and note at the outset that orders of remand generally are not reviewable by this court. However, this case presents a unique set of circumstances that fall outside of the prohibition of 1447. Specifically, this is an order that is based upon a procedural defect that was raised for the first time by the plaintiff 54 days after removal. This court and other circuits have held repeatedly that appellate jurisdiction exists over a remand that is based upon a procedural defect that is raised more than 30 days, raised for the first time more than 30 days after removal. Each of those elements is present here and each are undisputed. It's undisputed that this is based upon a procedural defect, namely in the alleged timeliness of the removal. And it's undisputed that this was raised for the first time by the plaintiff 54 days after the removal. And therefore, this court does have jurisdiction to hear this appeal. It's also important to note at the beginning that there is no issue of subject matter jurisdiction that is before this court. The Southern District of Alabama has jurisdiction, diversity jurisdiction over this case. There's no issue as to the diversity of the parties at this point. And both parties have agreed in their briefing that the amount of controversy has been met. Therefore, the case is proper in the Southern District of Alabama and it has jurisdiction to hear the case. The only issues before this court relate to the timeliness of the party's actions, specifically the timeliness of the original notice of removal. And more importantly, the timeliness of when the plaintiff first raised the argument upon which the district court based this decision. It is the defendant's position that the plaintiff waived that argument because it was not raised within 30 days of the removal. The removal in this case was taken on October 11th of 2018. Well, the circuit seemed to address this problem a little differently. The Ninth Circuit addresses it a little different than the Fifth Circuit. And I'm assuming you're, you're asking the court to adopt the analysis that we see in the Fifth Circuit's decision in BEBCO versus Santa Fe Minerals? Well, Your Honor, I think the case that's most on point from is actually out of the Ninth Circuit, the Northern California District Council of Labor's decision. And yes, and that in that case is directly on point factually. In that case, just like here, the plaintiff actually filed a motion to remove the argument based on subject matter jurisdiction grounds. Later, after the 30 days had expired, they were in a reply brief raised a procedural defect argument for the first time. The Ninth Circuit held that that is that that argument was waived because it is waived at the 30 day mark. That's what the statute says. And so once that 30 day mark is gone, that argument is waived. Now the plaintiff here is asking that somehow be revived because it relates back to the original filing of the motion to remand. But the Ninth Circuit points out that the critical date is not when a motion to remand is filed, but when the moving party asserts a procedural defect as a basis for remand. Isn't the Fifth Circuit's approach though, isn't it more consistent with what we've done previously in Belchez versus Carnival? Well, I think that the Belchez case actually is distinguished, Your Honor. In that case, the plaintiff never did raise a procedural defect argument in the initial motion to remand. The court did decide based on a different procedural defect argument, sua sponte, but the the plaintiff did preserve procedural defect arguments with the initial filing. Here that did not happen. The initial filing only had subject matter jurisdiction grounds. At that point, at the 30 day point, then according to the plain language of the statute, those arguments are waived and can't be, they should, if they're, if they're able to be revived, then that essentially negates and contradicts the language that Congress has set forth in the statute. And that's, that's essentially what the plaintiff is asking you to do here is asking this court to nullify that language and ignore the plain and unambiguous language there, and instead allow it to revive a claim that has clearly been waived under that statute. Wasn't, wasn't the rationale in Belchez though, to avoid, to make sure that someone who, a party wanted to not worry about a procedural defect and accept federal jurisdiction to make sure that the court didn't step on their toes. Why, why wouldn't that apply here too, where obviously the party did not want to waive procedural defects, just because they, just because they named the wrong one, just, just because they named a jurisdictional defect rather than a procedural one. Does that mean they're out of luck under the rationale of Belchez, if not the words? Well, your honor, I do think that's correct because the difference is in Belchez, they, the plaintiff did want to preserve procedural defect arguments here. The plaintiff did not do that. The statute says what it says, and it says what it says for a reason. And that is that those arguments have to be raised within 30 days of the notice removal, because that wasn't done. Those arguments are waived at the 30 day mark and therefore can't be brought up later. I know my time is up. I will have three minutes of rebuttal, but want to defer to Ms. Bell for the other arguments from the, for the defendant. Thank you. Ms. Bell, you may proceed. Morning, may it please the court. My name is Holly Bell and I represent Helping Hands Therapy. The district court's order should be reversed and the district court should retain jurisdiction over this matter for two reasons. First, the plaintiff deliberately failed to disclose the actual amount and controversy to prevent removal. And secondly, the defendants removed this case within 30 days of being able to first ascertain that the amount and controversy was satisfied. To my first point, as this court stated in leg B why the removal process was created by Congress to protect defendants. Congress did not extend such protection with one hand. And with the other hand, give plaintiffs a bag of tricks to overcome it. Additionally, this court stated that, or noted that the Supreme Court cautioned long ago, that the federal courts should not sanction devices intended to prevent a removal to a federal court where one has the right and should be equally vigilant to protect the right to proceed in federal court. That's in your hand, there are fewer, there are very few kind of procedural things or things like this that we have less jurisdiction to review than we do for remand orders. What I mean, I get that you're making a point, the broader point, but it seems that the overall thrust of the statute of this particular statute goes against the point you're making. I'm sorry, goes against what? Goes against the point you're making about not about not allowed about insisting that this court makes sure that remand that that removal always happens. It seems pretty clear that in most cases, where a remand order occurs, we don't have jurisdiction. So why wouldn't we read this in keeping with that approach? Well, I think that the that the court does have jurisdiction over this appeal, and over the issue before it. That sentiment that this court has expressed was also expressed in 1446 C1, that bad faith exception of the statute that creates a bad faith exception to the one year removal requirement period. And what that statute states is that the plaintiff engages in bad faith when they deliberately fail to disclose that the actual amount and controversy to prevent removal. And that's precisely the situation that we have here. The district court properly concluded that the plaintiff had been less than forthcoming about her damages pre removal, while arguing post removal, that the damages threshold had clearly been met since the filing of the complaint. Specifically, what the plaintiffs told the defendants was that they did not know what their damages were, and could not say if it was more or less than 75,000. But post removal, the plaintiff readily stated that the amount and controversy was more than 75,000, both at the time of removal and at the time of the filing of the secondly, based on a totality of the circumstances, defendants removed this case within 30 days of being able to first ascertain that the case was that the amount and controversy had in fact been satisfied. The district court concluded that the triggering paper in this case, were the plaintiff's responses to requests for admissions, the defendants respectfully disagree with that. However, what the defendants do agree with, is the district court stating that those responses to requests for admission, were not sufficient, standing alone to establish the amount and controversy. The defendants at that point in time, just by receiving those, were not able to prove by preponderance of evidence that that the amount and controversy was satisfied. So what was the triggering event? The triggering event was when the plaintiff deliberately and intentionally refused to limit her damages. Unfortunately, the plaintiff also refused to provide that that's that refusal in writing, emails went unresponded to requests for supplementation of discovery responses went, went unresponded to. So what what happened was after one year of the commencement of the suit, and after the notice of removal had been filed, the plaintiff finally provided that other paper, the plaintiff stated, without dispute, that the amount and controversy, in fact, had been satisfied, that she readily admitted she was seeking more than $75,000. The position that the defendants were put in, is when they receive the request for admission responses. It was not apparent at that time, that they were able to establish their burden of proving by preponderance of the evidence. So they had to push the plaintiff, as they would do in any other case that was not nearing the one year period of removal, and asked to get that other paper, the plaintiff simply refused to do it. The principles of fairness in this case, warrant reversal, to conclude that our removal was untimely, based on the facts presented here, would not only serve to punish the defendants for attempting to obtain the very evidence that the courts encourage it and require it to obtain for removal, but it would reward the plaintiff for dodging jurisdictional questions until after it's too late to remove. The plaintiff simply cannot be allowed to gain the system, a system that relies on plaintiffs to be forthcoming. Thank you. All right. Thank you, Miss Bell. We'll hear from Mr. Prince. Thank you, Your Honor. May it please the court, Miss Bell, Mr. Wyatt. My name is Robert Prince. I represent Miss Shipley, the plaintiff below, and of course the appellee here. You know, and Judge Wilson, you hit on the pertinent question and point in this case. And that is, should the court follow the Valchez logic and reasoning, or should it accept the Ninth Circuit? Because those two opinions, those two theories of law, those two applications, those two applications of the law are diametrically opposed. They both deal with the Section 7, I'm sorry, they both deal with 1437D and C, that as you know, has to be looked at and read together. But the difference is this. In the Ninth Circuit, they say it's a literal reading. And you know, if it says, you have to go straight by the words, and the words are, you know, a motion must be filed in 30 days if it deals with any other defect other than subject matter jurisdiction. Of course, I'm paraphrasing that. But and then the Fifth Circuit in several cases, the Betko case, the case that's so difficult for me to pronounce, I think it's, I'll pull it in just a second. But the analysis is the same. And what it is, it goes something like this. No, that section deals with the filing of a motion, not issues, not within 30 days. The Betko court went so far as to say, and I'm sure both of your honors know this, that they said, we don't want, we don't want to hear any suggestion that it deals with anything other than the filing of that motion. And of course, both those cases, all the cases in the Fifth Circuit that I've seen, say if a motion is properly filed, timely filed, that that's, again, I'm paraphrasing, but that's the end of it. It can be past 30 days, it can be on a different day. Doesn't it appear though, that the Fifth Circuit's approach is inconsistent with the purpose of section 1447C. Isn't there a potential for abuse here, you could simply just file a motion to remand and have it serve as a placeholder motion, and then tack on any additional arguments that you want after the 30 day period expires? Isn't there a potential for abuse if we interpret the statute that way? I guess there's always a potential, your honor. But I think Rule 11, both parties have cited that in their briefs. I think that's the purpose of Rule 11. In fact, in looking at this case, I've been practicing for several years, and trying cases. And the thing I came away with is the opposite of that. What I came away with was, gosh, I need to file a motion to remand and always put, you know, untimely and just to cover my basis. I mean, I'd have to have a basis for it, of course. But I see it the other way. It's like, what did John Owens do wrong in this case? I mean, here's a litigator that the case is rocking along like normal. I mean, there was nothing abnormal about this. If you look at the transcript and the pleadings, and then all of a sudden, here comes this in the month of September, one month before the deadline of one year. Here comes all this, you know, request for admissions, we want you to agree to this, to the hearing, moving the hearing date. And just let me parenthetically say moving that hearing date, this, that would require so many assumptions that I couldn't list them all. If they move that, let's suppose that the plaintiff had said, okay, I'll do that. Nope, you know, October the 5th, I believe is when they were trying to do it. I'll do that. And that assumed, I think it's five days before the deadline before they have to file a motion to remove or their past a year, that assumes number one, that the judge is going to rule for them, which I don't think he would have based on what I've seen. Number two, that the judge would have ruled promptly. And number three, that even ruling that he would then cut off the time for the plaintiff to answer those requests for admissions. I mean, it's just like, that would never work. So I don't, I don't fault John Owens one, I don't fault the plaintiff for saying I'm not, why would I want to do that? In his mind, he had answered interrogatories, he had sent the medical records, there was no motion to compel at that time, it was only during that window of time, 30 days back from when this motion for removal was filed, that they file a motion to compel and then expected the plaintiff, I guess, just to say, okay, yeah, I agree with you. I need to be sanctioned. I need to answer all these things. I'll help you out and do it for a year. That's not realistic. Look, I think the answer to this dilemma, to me is, I think the Fifth Circuit is 100% correct in their analysis. I think the trial judge was in her analysis. To me, it's like, okay, the defendant say that the appellate say, well, we can't have that, because you can just run amok with it. Well, no, it's on a case by case basis. And if a trial judge would have to balance this, the federal district judge would balance the equities, the rights between the parties, and say, well, yours is too late. I mean, four months and you have no excuse for it. Your motion to remand is too late. On the other hand, the judge could hear the facts and say, based on that, you know, there is authority for this. As both of your honors know, the district judge does have some discretion in allowing amendments. I mean, I'm looking at this going, why is this any different than amending the complaint? I mean, it's like, they and there are several cases that allow amendments to a motion to remand. That is in essence what happened here. When the when the district judge accepted the plaintiff's version of things, she implicitly allowed that amendment, because he had filed this, as you know, Mr. Owens filed it on lack of complete diversity. But then in his reply brief after the appellate said some things against him and said that, you know, he was the reason that that they were able to figure all this out, his dilatory tactics. He, I'm sure, one to the record and said they're late. So he files it. I think it was like, I don't know, it was less than a month from the time he filed his remand. I'm like 26 days. 1447 C says a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction and use uses the words must be made within 30 days. Yes, sir. Doesn't that doesn't that doesn't suggest that there's a lot of discretion on the part of the judge. Well, I agree with that. I agree. But just hearing you repeat those words reminded me again of how important it is for that that says, you know, a motion. And as this court, this court right here, as I think you were on the panel, along with Judge Joe Platt was, you looked at the question of the word motion in the corporate managers case. And you look at that, what you know, what does it mean? And you pointed out in there that motion was used when it's talked about a procedural defect motion, the word motion does not appear in the statute when it when it applies to subject matter jurisdiction. And why is here? But here do do we have a motion to remand the case on the basis of any defect other than a lack of subject matter jurisdiction? Do we have such a motion in this case? Yes, we tested Lee, we do. He we haven't. Yeah, it means I'm sorry, you're right. It means that in his reply brief, he objected to it. And he briefed it. And so did the other. So did the other side of this, of this, which brings in another interesting point, which is they have not been prejudiced. They have reached they have briefed this fully, even the magistrate judge asked to brief on timeliness of the removal. The first thing in their brief to her was that the plane, you know, the remand was untimely. I mean, those two are married together, but both sides have briefed this, there's no prejudice to them. So when they saw that in the reply brief of the appellee, they they went full bore on it. And also, judge, if you look at the notice of removal, they went to great extremes in that motion to try to justify themselves, because they were so late. And with the court's permission, let me switch to that for just one second. They have consistently pointed that the the the plaintiff below was being just delaying on purpose so they could get past a year. Well, if that was true, why did he not put that as a the first thing in his motion to remand? That would have been number one, they're trying to say he delayed everything to get past one year. Well, okay, let's assume he was the first thing is going to come out of his mouth is you're untimely under 1446 B2, you can't do that. And he never mentioned it. He was all about the subject matter jurisdiction, incomplete diversity. That's what I saw. He was looking at it. And he had a good case, just as the trial judge pointed out, got a defendant that had Alabama license, Alabama tag voted in Alabama. He thought this case was going out on subject matter jurisdiction, he was not concerned about any one year timetable until the defendants. If you look at what they did, defendants below, they don't do anything towards this one year until September. When that window started opening, they immediately filed their request for admissions on August the 1st, August 1st. I mean, they are 10 months past the filing this complaint. And I mean, I don't know if they were panicking or what, and then they tried to get us to agree to it, of course, not going to agree that, you know, to help them help them out. They've got the burden of proof on all that. But anyway, look, the threshold issue, and I readily admit it is, does this court have jurisdiction under 1447 D? Does the 11th Circuit even have the power? If you do, then you then you next go to, okay, well, let's look at the remand motion. And we're saying that on the logic of the Fifth Circuit cases, the better side of that just as a trial judge said, the best side of that says, you look at that section. And it says, you know, shall be filed in the motion shall be filed. And then if you look at the the case, the Valchez case, where it says, look, it's obvious when they file a motion to remand, they don't want to be in federal court. And everybody's on notice. I mean, it's not like the defendants here didn't know that that one year was coming up. I mean, they knew it. And so they didn't act on it until the last minute. And it's sure not fair to penalize or punish the plaintiff below on that. Doesn't our litigation discovery system depend on the parties exchanging information in good faith? Yes, absolutely. And, and, and my position and my argument that I'm ready to debate him on is that John Owens did that. He did that he answered interrogatories. Had he not, they would immediately file a motion or started writing him or whatever. That's not in the record. He gave him the hospital records. There's nothing in the record where they wrote him a letter called him said, Mr. Owens, you didn't give us what we asked for in production. So he was complying. It just he didn't answer like they wanted him to and the request for admission. And I don't blame him. He didn't have to at that point, no depositions had been taken. The plaintiffs had not been taken. The doctors had not been taken. The defendants had not been taken. How could you know, he, he was put in a position of trying to say, yeah, I can, I can foresee the how this case is going to come out. Well, you can't at that point, nobody can. He can make a good educated judgment later towards the end. Not in the middle or the beginning. And to be fair, don't plaintiff's lawyers always need to make those types of judgments. I mean, if someone comes in with a case, I presume that if you think the case is worth 50 bucks, that makes it less worthwhile than if the case is worth a million. I mean, I realized this is somewhere between there. But don't those types of judgments get made every day? They absolutely did. At the beginning of the case, when the plaintiff comes in to a plaintiff lawyer, we make a judgment. You know, can I come out on this case based on the amount of money I spend? What is the likely verdict? What is my forum like? You know, what are the juries doing on this type case? We do make that judgment. But at best, it's an educated guess. Because as that case develops, and as anybody that's tried cases knows, it can turn and go to left field or right field, north or south on any given witness, and you don't know, you know, where you're going. And I see my time is up. And thank you for allowing me to make this argument to you. Thank you, Mr. Prince. Mr. Wyatt, if you reserve some time for rebuttal. Apologize. Yes, sir. Three minutes for rebuttal. Thank you. Let me start sort of where you ended, or Mr. Prince ended with his argument relating to the plaintiff's actions here and whether or not the plaintiff knew that the value case. It's important to understand the context of what's happening here. Discovery, the defendants were trying to get discovery out over the course of the year. And the plaintiff in in her responses, repeatedly said that they're that they couldn't answer the question. Then suddenly, once the case is removed, it is they changed their argument completely and said, Yes, it is worth seven more than $75,000. And that was apparent from the filing of the complaint, even though they weren't able to say that at the time of the filing of the discovery that was done, and that would have brought forward more information that would have allowed the plaintiff to answer that question. The problem with that argument is between the time at which the plaintiff said, I can't answer these questions, I can't admit whether or not how much the amount of controversy is, and the time at which they said it was more than $75,000, no discovery occurred. The only thing that occurred in between was the fact that the case was the district court noted that and noted that it was worthy of condemnation that the actions of the plaintiff were worthy of condemnation. She noted that in her order, the plaintiff should not be rewarded for that sort of behavior. Because it's what it is doing is allowing the plaintiff to abuse the system and rewards them for not being forthcoming with discovery when they're the only ones who have the information that's necessary. Mr. Prince also spoke to the idea that Rule 11 would keep the parties intact and would control the waiver issue, and also that the district court could determine what the appropriate amount of time would be. That would all be graded. Congress didn't already prescribe exactly what the time period is. The time period is 30 days. It's set forth clearly in the statute. The language of the statute has to mean something. It has to mean that if you don't file it by that point, that there is a waiver of the argument. Here, no 30 days. Judge Grant, to your point, there is no motion that is based on a procedural argument, a procedural defect argument. There is a reply brief where it is raised for the first time, 54 days after the removal. I would also simply point out that I don't think my reading of Velchez is not contrary to the Ninth Circuit. They are different. Velchez waiver was not even brought up as an issue. Also in Velchez, there was a procedural defect. There was a motion to remand based on a procedural defect. We simply do not have that in this case. In this case, the plaintiff failed to raise a procedural defect argument within 30 days of the removal. As such, that argument is waived. Accordingly, the decision of the district court was an error. We respectfully ask this court to reverse that decision and send the case back to the Southern District to proceed. Thank you. Thank you very much. Ms. Bell, have you reserved time for rebuttal? No, Your Honor. That was all of our time. Thank you. Thank you for your arguments. Thank you. Thank you, Your Honor.